IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **RODNEY KIRK JOYCE,** ) | CASE NO. 7:13CV00062 |
| ) | |
| **Plaintiff,** ) | |
| ) | MEMORANDUM OPINION |
| v. ) | |
| ) | |
| **TAZEWELL COUNTY REGIONAL JAIL,** ) | By:  **Glen E. Conrad** |
| ) | **Chief United States District Judge** |
| **Defendant.** ) | |

Rodney Kirk Joyce, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he has received improper treatment for Crohn's Disease while in jail.  Upon review of the record, the court finds that the action must be summarily dismissed.

**I**

Joyce states that he is an inmate at the Tazewell County Regional Jail ("the jail").  He alleges the following grounds for relief under § 1983: (1) the jail has "denied [Joyce] proper treatment for a person with stage 4 Cro[hn]'s disease by a[n] uncertified physician"; and (2) the jail "denied [Joyce] proper diet for a person with stage 4 Cro[hn]'s disease by a certified dietician."  As relief in this action, Joyce seeks "[t]o be treated by a gastrointestinal physician not a regular doctor for [his] Cro[hn]'s."

**II**

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915A(b)(1).  In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to

raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42 (1988).   The jail, as the only defendant Joyce has named in this action, is not a "person" subject to suit under § 1983.  Preval v. Reno, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (finding city jail immune from suit and not a person for purposes of § 1983).

For the reasons stated, the court dismisses Joyce's complaint without prejudice, pursuant to § 1915A(b)(1), as legally frivolous. [1] The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER:  This 3rd day of April, 2013.

                                          /s/   Glen E. Conrad
                                          Chief United States District Judge

---

[1] The court also finds that Joyce's allegations fail to state a constitutionally significant claim against anyone.  Joyce does not state facts indicating that any one at the jail has knowingly denied him treatment for his Crohn's disease, and his dissatisfaction with the treatment provided or the specialty of the doctor treating him is not sufficient to state a deprivation of constitutional rights.  See Estelle v. Gamble, 429 U.S. 97, 102 (1976) (finding that prisoner must show deliberate indifference to his serious medical need to prove constitutional violation; mere negligence is not sufficient); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (finding mere disagreement between inmate and medical personnel over course of treatment does not implicate constitutional rights).